# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COEY A. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEIJER CORPORATE OFFICE,<br><br>    Defendant. | Case No. 24-CV-594-JPS<br><br>**ORDER** |

  In May 2024, Plaintiff Coey A. Brown ("Plaintiff"), proceeding pro se, sued her former employer, Defendant Fred Meijer Corporate Office ("Defendant") for race-, religion-, and national origin-based discrimination (both disparate treatment and hostile environment) and sexual harassment experienced during the course of her employment in 2021–2022. ECF Nos. 1, 3-1. She also alleges retaliation for having reported the discrimination. ECF No. 1 at 7; ECF No. 3-1 at 23, 61. Although she does not invoke it explicitly, her allegations fall under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff paid the filing fee for her lawsuit. *See* ECF No. 1 docket text.

  Three days after filing her complaint, Plaintiff moved to "add evidence and amend [her] case," attaching exhibits. ECF No. 3. The Court interprets this merely as a motion to supplement the record and will grant it.

  The Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This is so irrespective of whether the plaintiff has paid the filing fee. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997))).

"Title VII provides that a charge of . . . discriminatory employment practices shall be filed with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 860 (7th Cir. 2005) (quoting 42 U.S.C. § 2000e–5(e)(1)). "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." *Id.* (citing *Martinez v. United Auto., Aerospace & Agric. Implement Workers of Am.*, 772 F.2d 348, 350 (7th Cir. 1985)).

As noted above, Plaintiff's allegations occurred from 2021 into late 2022. In her exhibits, Plaintiff references having "d[one] an EEOC complaint" and having "filed the EEOC case in January 2022," ECF No. 3-1 at 50, 61. However, not only must the putative Title VII plaintiff timely file a charge of discrimination with the EEOC, but she must also receive a right-to-sue letter from the EEOC. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) ("Before bringing a Title VII claim, a plaintiff must first exhaust [her] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1100 (7th Cir. 1992))). The putative plaintiff must file suit "within 90 days of receiving notice of the 'right-to-sue'" from the EEOC. *Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 848 n.1 (7th Cir. 2015). Otherwise, "the suit is untimely." *Id.* (citing § 2000e–5(f)(1)). Plaintiff does not attach or reference

a right-to-sue letter, so it is unclear whether one was issued to her and, if so, when.

Given that approximately two and a half years have passed since Plaintiff "filed the EEOC case," ECF No. 3-1 at 61, which the Court interprets as referencing the filing of a charge of discrimination, the Court suspects that Plaintiff's suit is untimely. However, because she does not attach a right-to-sue letter or specify whether she ever received notice of one, the Court is unable to determine this conclusively. The Court will not fault her for this, though, because "the receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). It may, however, "constitute a defense to a Title VII claim." *Id.* (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)). In other words, the absence of a right-to-sue letter does not warrant dismissal at this juncture and can hypothetically be rectified later. The Court sets aside this matter for the time being. *See id.* ("[T]he plaintiff's receipt of a right-to-sure letter before dismissal cured any deficiency in the original complaint." (citing *Perkins*, 939 F.2d at 471)).

Plaintiff's next step in this matter is to serve her complaint together with a summons on Defendant. *See generally* Fed. R. Civ. P. 4. Plaintiff may either request service on Defendant by the U.S. Marshals or obtain service on Defendant on her own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendant on her own, she should simultaneously file a request for the Clerk of the Court to issue a service packet to her. There is no cost for the Clerk of Court to issue a service

packet to Plaintiff. If Plaintiff hires a process server to serve Defendant, she will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

Plaintiff must file a notice on or before **June 25, 2024** indicating whether she will obtain service on Defendant on her own or if she desires service by the U.S. Marshals Service.

Accordingly,

**IT IS ORDERED** that Plaintiff Coey A. Brown's motion to add evidence, ECF No. 3, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff Coey A. Brown shall file, on or before **June 25, 2024**, a notice indicating which method of service she desires. Failure to timely file such notice will lead to dismissal of this action.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.