# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COEY A. BROWN,

           Plaintiff,

v.

MEIJER STORES LIMITED PARTNERSHIP,

           Defendant.

Case No. 24-CV-594-JPS

**ORDER**

In May 2024, Plaintiff Coey A. Brown ("Plaintiff") brought this lawsuit, alleging racial and religious discrimination and sexual harassment. Now before the Court is Defendant Meijer Stores Limited Partnership's ("Defendant") expedited motion to dismiss Plaintiff's complaint with prejudice or, in the alternative, to extend the dispositive motion deadline. ECF No. 61. Defendant brings its motion on the basis of Plaintiff's alleged "refusal to meet her discovery obligations, her refusal to respond to Defendant's repeated requests for information to which it is entitled, and . . . her absolute disregard for the Court's Order requiring her to comply and produce relevant information." *Id*. at 3. For the reasons stated below, the Court will deny Defendant's motion.

In December 2024, Defendant served Plaintiff with its First Set of Discovery Requests, which included Interrogatories and Requests for Production of Documents. ECF No. 61 at 1—2. Plaintiff then moved repeatedly to prevent Defendant from obtaining her medical background and records while seeking to prevent Defendant from inquiring about her

criminal record, if any. ECF No. 32, 35, 39. The Court denied these motions. ECF Nos. 34, 42.

In March 2025, Plaintiff served her Responses to the Defendant's Interrogatories, in which she continued her objection to producing her mental health background, medical records, and criminal history, and failed to serve a response to Defendant's Production of Document Requests. ECF No. 61 at 2. In April 2025, defense counsel made Plaintiff aware of these deficiencies through a letter. *Id*. Plaintiff never responded in the months that followed, despite Defendant's providing Plaintiff with the legal basis for the request and repeated attempts to have Plaintiff do so. *Id*.

In early June 2025, the parties held a meet and confer call during which the parties discussed the outstanding discovery issues, achieving a resolution as to many of the disputed discovery issues. *Id*. Defendant sent a letter to Plaintiff shortly thereafter memorializing the parties' understanding. *Id*.

Later that month, Plaintiff and Defendant filed cross-motions to compel. ECF Nos. 45, 47. The Court partially granted Plaintiff's motion requiring Defendant to produce the personnel file on one of its former employees but denied the remainder. ECF No. 55 at 4. In addition, the Court ordered that Plaintiff respond, by September 4, 2025, to Defendant's outstanding discovery requests relating to her employment history, criminal convictions, and medical/psychiatric records. *Id*. at 9. The Court further required that Plaintiff complete a medical authorization form on or before August 21, 2025. *Id*. While the Plaintiff has provided the signed medical authorization form, she has failed to identify the doctors who treated her, rendering Defendant unable to complete discovery. ECF No. 61 at 3. This failure has occurred despite Defendant reminding Plaintiff on

September 2 of the September 4 deadline. *Id*. The dispositive motion deadline of September 12, 2025, ECF No. 46, has come and gone without Plaintiff responding to the outstanding matters noted above.

Defendant now seeks, as a sanction for Plaintiff's discovery conduct, dismissal of this action under Federal Rule of Civil Procedure 37(b)(2)(A)(v) or, in the alternative, an extension of the dispositive motion deadline until January 31, 2026. ECF No. 61. The Court will deny the motion in both respects.

First, Defendant's motion is improper under Civil Local Rule 7(h) to the extent it seeks disposition of the case. On its face, that rule cannot be used to seek dispositive relief. *Id*. In addition, Defendant has ignored the page limit stated therein. *Id*.

The motion is also inappropriate because Plaintiff has not received a prior warning that failure to comply with her discovery obligations could result in sanctions, including dismissal. *See, e.g.*, *Donelson v. Hardy*, 931 F.3d 565 (7th Cir. 2019) ("Donelson [, a pro se litigant,] argues that the judge could not find bad faith without holding a hearing, but an oral hearing was not required. The court gave Donelson notice of the possible sanction and an opportunity to respond to its order to show cause. That was sufficient process." (citing *Morjal v. City of Chicago*, 774 F.419, 422 (7th Cir. 2014) and *Larsen v. City of Beloit*, 130 F.3d 1278, 1286–87 (7th Cir. 1997)). Such language is absent from the Court's prior orders.

Finally, there is no basis on the record presently before the Court to extend the dispositive motion deadline in this case, as Defendant has acknowledged the case has "languished for the better part of a year." ECF No. 61. Instead, the Court will give Plaintiff until Friday, October 3, 2025, to fully comply with this Court's August 7 order. In the event Plaintiff fails

to do so, the Court will enter an order dismissing Plaintiff's case without further notice.

Accordingly,

**IT IS ORDERED** that Defendant Meijer Stores Limited Partnership's expedited motion to dismiss, or in the alternative, to extend the dispositive motion deadline, ECF No. 61, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall comply with the Court's order, ECF No. 55, on or before **Friday, October 3, 2025**. Failure to do so will result in the Court entering an order dismissing Plaintiff's case without further notice.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:24-cv-00594-JPS   Filed 09/16/25   Page 4 of 4   Document 63