# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| COEY A. BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>MEIJER STORES LIMITED PARTNERSHIP,<br><br>      Defendant. | Case No. 24-CV-594-JPS<br><br>**ORDER** |

**1. INTRODUCTION**

  Now before the Court are multiple motions by Plaintiff. First, in November 2025, Plaintiff filed a motion for a protective order. ECF No. 72. A day later, she filed a second motion which seemed to lay out the specifics for that request, asking the Court to seal an email exchange between the parties relating to this case. ECF No. 73 at 1 (citing ECF No. 72–1). Additionally, Plaintiff moved for sanctions and to correct the record regarding the parties' meet and confer. ECF No. 72. Plaintiff also filed a motion to withdraw her earlier jury trial waiver. ECF No. 75; *see also* ECF No. 1 at 14.

  The Court will deny the motion for a protective order as moot. ECF No. 72. Plaintiff's motion to seal will be granted insofar as to restrict the filing at issue to case-participants only. ECF No. 73. Plaintiff's motion to correct the record and motion for sanctions will be denied without prejudice. ECF No. 72. Finally, the Court will deny Plaintiff's motion to withdraw her jury trial waiver. ECF No. 75.

2. **ANALYSIS**

    2.1 **Protective Order**

As to Plaintiff's motion for a protective order, ECF No. 72, Plaintiff fails to identify specific documents, and the Court cannot simply "seal whatever [a party] wants." *Citizens First Nat'l Bank of Princeton* v. *Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). However, because this portion of the motion is later redressed in a subsequent filing, *see infra* Section 2.2, Plaintiff's motion for a protective order, ECF No. 72, will be denied as moot.

    2.2 **Motion to Seal**

Plaintiff's subsequent motion to seal identifies the filing that she seeks to protect. ECF No. 73. That submission—email exchanges between the parties, ECF No. 72-1—was provisionally placed under seal pending the Court's disposition of Plaintiff's motion to seal. As a result, only the Court can access these documents at this time; counsel for Defendant cannot view them unless Plaintiff serves those documents on them in paper format. *See* Gen. L.R. 79(d)(1); *Filing Sealed and Restricted Documents*, E. DIST. OF WIS. 3 (Feb. 2021), https://www.wied.uscourts.gov/sites/wied/files/documents/Filing%20Restricted%20and%20Sealed%20Documents.pdf. As an alternative to sealing, the Eastern District's Local Rules permit parties to seek that filings be restricted so that they are viewable only by the Court and the parties in the case. *Id.*

Plaintiff may not, without more, prevent Defendant's counsel from viewing the alleged emails. Such emails may, at some point, form the basis for sanctions or a dispositive motion; filing those emails under seal, therefore, precludes Defendant from properly responding to any such motions. When and if Plaintiff chooses to file such a motion, Defendant's

time to respond will begin to run, and that time will continue to run even if Defendant does not have access to what it is responding to. Sealing and restricting court filings is an exception to the general rule that litigation should be "conducted in public to the maximum extent consistent with respecting . . . facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (collecting cases), *abrogated on other grounds by RTP LLC v. ORIX Real Est. Cap.*, 827 F.3d 689, 691–92 (7th Cir. 2016); *see* Gen. L.R. 79(d)(3) ("Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion [to seal] must be denied and the documents or materials publicly filed . . . ."). It is not a way to gain a competitive advantage over one's opponent. *See* GEN. L.R. 79(d)(4) (requiring any motion to seal be accompanied by a certification of a good faith meet and confer between the parties to try and avoid the motion or limit the scope of documents or materials subject to sealing). Plaintiff has provided no good reason why Defendant should not be able to see the possible factual basis for any of her forthcoming motions.

With all this in mind, the Court agrees that the content of Plaintiff's motion to seal the exhibits referenced is sensitive and is not suitable for public view. Defendant, however, is entitled to view such materials to determine whether responding is warranted. The Court will therefore grant in part Plaintiff's motion to seal, ECF No. 73, and will further direct the Clerk of Court to designate the relevant submission, ECF No. 72-1, as restricted rather than sealed so that Defendant may view it.

### 2.3 Motion to Correct the Record and Motion for Sanctions

The Court now returns to the earlier-filed document, ECF No. 72, as it contains Plaintiff's motion to correct the record and motion for sanctions.

As to the former, the Court is unclear what Plaintiff believes to be in error. The parties' meet and confer, like most of pretrial discovery, "is usually conducted in private." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944–945 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Accordingly, the Court was not privy to what was discussed or what was not discussed. However, the Court appreciates that those discussions may, in Plaintiff's view, constitute a basis for sanctions. To the extent she seeks such relief, however, Plaintiff has given no indication that she has met and conferred with Defendant regarding either the motion to correct or the motion for sanctions, as required by the Court's Pretrial Order. ECF No. 26 at 11 ("The Court also requires the parties to meet and confer about any potentially disputed matter before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention, or to narrow the scope of issues the Court must resolve. . . Pro se litigants must also comply."). Denial of both the motion for sanctions and the motion to correct the record is appropriate on those grounds alone.

Regardless, the Court, at this time, cannot credit Plaintiff's narrative of events for purposes of her sanctions motion, or any other relief she may request. Plaintiff has not provided a declaration under the penalty of perjury or an affidavit. *Zavala-Alvarez v. Darbar Mgmt., Inc.*, 617 F.Supp.3d 870, 885 (N.D. Ill. July 26, 2022) (noting "affidavits and declarations are well-known requirements"); *id*. at 885–886 (an "affidavit must be sworn before an officer authorized to administered an oath, such as a notary" (citing *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) and *G & G Closed Circuit Events, LLC v. Castillo*, Case No. 14-CV-02073, 2017 WL 1079241, at

*7 (N.D. Ill. 2017)); *id*. at 886 (a "declaration is not a sworn document" but rather a "statement 'in substantially the following form,' that certifies 'under penalty of perjury' that the information is 'true'") (citing 28 U.S.C. § 1746); *see also Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015) (discussing how a formal affidavit or equivalent is necessary on summary judgment and noting that a "'written un-sworn declaration . . . subscribed in proper form as true under penalty of perjury' may 'substitute for an affidavit.'" (quoting 28 U.S.C. § 1746)). Indeed, without such documents, [f]rom an evidentiary standpoint," the narrative provided by Plaintiff is "weightless." *Zavala-Alvarez, Inc.*, 617 F. Supp. 3d at 886. Accordingly, the motion to correct the record and the motion for sanctions will both be denied without prejudice. ECF No. 72.

### 2.4 Motion to Withdraw Jury Trial Waiver

Finally, the Court turns to Plaintiff's motion to withdraw her jury trial waiver, ECF No. 75. In support, Plaintiff argues that she "was proceeding without legal assistance, was unfamiliar with federal court practices, and felt overwhelmed by the complexities of litigation." *Id*. at 1. Plaintiff advances that a jury trial "is the most appropriate and fair forum," suggesting that her discrimination claims are "particularly suited" for a jury. *Id*. at 1–2. She cites Federal Rules of Civil Procedure 38(d) and 39(b) as authorities that furnish the Court with discretion to permit withdrawal. *Id*. at 2. Plaintiff asserts that a jury trial now will not result in prejudice to Defendant, cause undue delay, or otherwise disregard the interests of justice. *Id*.

In response, Defendant points to the fact that Plaintiff checked the box in the complaint that says "no" as to whether she wanted a jury trial. ECF No. 78 at 1 (citing ECF No. 1 at 14). Defendant notes that Rule 38(d)

Page 5 of 11
Case 2:24-cv-00594-JPS   Filed 02/04/26   Page 5 of 11   Document 81

requires both a demand and consent by the opposing party, rendering it inapplicable here because neither are present. *Id.* at 1 n.1.

As to Rule 39(b), Defendant concedes Plaintiff has identified the correct standard, but suggests that none of the factors weigh in Plaintiff's favor. *Id.* at 2. Defendant points to the nearly 18 months that have gone by without Plaintiff requesting a withdrawal, comparing it to the nearly four-year delay that the Seventh Circuit has found to be inexcusable. *Id.* (citing *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007) (internal citations omitted)). It adds that a jury trial at this juncture "will necessarily delay the final resolution" of this case. ECF No. 78 at 3. Defendant also disputes whether Plaintiff's various discrimination claims are "particularly suited" for evaluation by a jury, suggesting that she is seeking a jury because that is the best path to the "pot of gold." *Id.* at 3 n.2. Defendant further disputes that there would be no prejudice, citing its strategic decisions to not retain a witness and to not file certain unspecified motions. *Id.* at 3–4. Finally, Defendant argues, Plaintiff's pro se status is not controlling here, noting that "procedural rules apply with equal force to represented and unrepresented parties." *Id.* at 4. (citing *McNeil v. United States*, 508 U.S. 106, 112–113 (1993)).

The Court agrees with Defendant that it would be inappropriate to grant the motion to withdraw the waiver at this late stage. The Court appreciates that "there is a presumption against waiver of the constitutional right to a jury trial." *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1083 (7th Cir. 2001) (citing *Winter v. Minn. Mut. Life Ins. Co.*, 199 F.3d 399, 408 n. 11 (7th Cir.1999) (internal citations omitted)). Here, however, there was a waiver, which Plaintiff herself admits. ECF No. 75 at 1 ("Plaintiff previously waived the right to a jury

trial."). Reading further along in Plaintiff's brief, it is apparent that Plaintiff, acting as a rational agent, came to a "decision" that can only be regarded as reasonable under the circumstances. *Id*. ("At the time of the waiver, Plaintiff was proceeding without legal assistance, was unfamiliar with federal court practices, and felt overwhelmed by the complexities of litigation. These circumstances contributed to the *decision* to waive a jury trial.") (emphasis added). It was certainly not the product of any untoward influences. Moreover, Plaintiff's motion itself is not framed as a "jury demand," but as a motion to "withdraw jury trial waiver." *Id*. Lastly, unlike other cases where withdrawal of a jury trial waiver was permitted, Plaintiff's intent to waive was reflected not in the civil cover sheet, but in the complaint itself wherein she checked the appropriate box that said "no." *See Kirsch v. Brightstar Corp.*, 12 C 6966, 2014 WL 5166527, at *2 (N.D. Ill. Oct. 10, 2014) (collecting cases that found that checking the box for a jury demand on the civil cover sheet, which is not legal in nature or necessarily served on the opposing party, is insufficient to reinstate a jury demand).

Accordingly, the question is, as the parties themselves suggest, narrowed to an analysis of whether "good reason for the belated demand" is shown. *Lowe v. Wal-Mart Stores, Inc.*, 326 F.R.D. 509, 511 (E.D. Wis. 2018) (citing *Olympia Express, Inc.*, 509 F.3d at 352). Factors to resolve that question include:

> (1) whether the issues involved are best tried to a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the movant's tardiness in demanding a jury trial.

*Id.* (citing *Electro-Brand, Inc. v. MEM-CE, L.L.C.,* Case No. 17 C 3554, 2018 WL 1189691, at *3 (N.D. Ill. Mar. 7, 2018) (internal citations omitted). "The

Court may exercise its discretion to grant a motion for a jury trial where the totality of the circumstances surrounding the untimely jury demand indicates that there is some colorable justification for [it] and that noncompliance has no substantive effect on the other party." *Id.* (quoting *Electro-Brand, Inc.*, 2018 WL 1189691, at *3) (internal citations and quotation marks omitted).

Here, all those factors weigh in Defendant's favor. First, over eighteen months have passed, making the length of delay the "most significant consideration" here. *Electro-Brand, Inc.*, 2018 WL 1189691, at *3 (finding waiver at the three-month mark); *Olympia Exp., Inc.*, 509 F.3d at 348, 353 (finding waiver at the four-year mark). While this case involves a pro se party, that is not, as Defendant points out, sufficient justification for Plaintiff's tardiness, particularly given the guidance from the Supreme Court. *McNeil v. United States*, 508 U.S. 106, 112–113 (1993) (finding that procedural rules apply equally to unrepresented litigants). This case, moreover, remains entirely distinct from other cases where the Seventh Circuit has upheld the withdrawal of a waiver. *See, e.g., Merritt v. Faulkner*, 697 F.2d 761, 767 (1983) (the motion was made by blind, pro se litigant and was only nineteen days late).

Even if inadvertent, the Seventh Circuit has stated that "inaction and inadvertence" can constitute waiver of a jury trial, at least when "a party does not assert the right to a jury trial prior to a bench trial or factual hearing, requests a bench trial, or knowingly participates in a bench trial." *Winer v. Minn. Mut. Life Ins. Co.*, 199 F.3d 399, 408 (7th Cir. 1999); *see also Wash. v. N.Y. City Bd. of Estimate*, 709 F.2d 792, 787 (2d Cir. 1983) ("it is clear that the test of waiver that is applied to other constitutional rights, that there must have been an intentional relinquishment or abandonment of a known

Page 8 of 11
Case 2:24-cv-00594-JPS   Filed 02/04/26   Page 8 of 11   Document 81

right or privilege, is not applicable to the right of trial by jury." (quoting 9 C. WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE, CIVIL § 2321, at 101 (1971) (internal quotations omitted))). Here, no bench trial has occurred yet, but as stated earlier, Plaintiff has requested one, ECF No. 1 at 14, a fact she admits, ECF No. 75 at 1. Undoubtedly, Defendant has made certain strategic litigation decisions based on the assumption this case would proceed to a bench trial, a factor that favors Defendant. *Beck v. Am. Honda Fin. Corp.*, Case No. 12-3133, 2016 WL 11969857, at *2 (C.D. Ill. Feb. 5, 2016) ("Given the critical differences between preparing for a jury trial versus a bench trial, which the Seventh Circuit highlighted in *Olympia Express*, Defendant would have been prejudiced if it learned at such a late stage that it would have to defend the case before a jury." (citing *Olympia Express, Inc.*, 509 F.3d 347)); *Jones v. Salazar*, Case No. 8-CV-31, 2009 WL 1404606, at *1 (N.D. Ind. May 15, 2009) (quoting *Kahn v. Gen. Motors Corp.*, 865 F. Supp. 210, 215 (S.D.N.Y. 1994)) (discussing same).

  Regardless, Plaintiff has not made a showing that a jury or bench trial would be more beneficial in this case. While she argues that the allegations here are "particularly suited" to a jury trial, ECF No. 75 at 1–2, she does "not present any compelling reason that a particular witness in this case has credibility issues or that this case is particularly fact-sensitive." *Electro-Brand, Inc.*, 2018 WL 1189691, at *4 (citing *Williams v. Hainje*, No. 4:06 CV 121 AS, 2007 WL 2700501, at *4 (N.D. Ind. Sept. 10, 2007) and *Advert. to Women, Inc. v. Gianni Versace S.p.A.*, No. 98 C 1553, 1999 WL 717906, at *3 (N.D. Ill. Aug. 9, 1999)). Indeed, absent other factors not present here, "the Court is equally capable as a jury of deciding factual issues as trial." *CSX Transp., Inc. v. Chicago S. Shore & S. Bend R.R.*, Case No. 13-CV-285-RL-PRC, 2014 WL 2803992, at *2 (N.D. Ind. June 19, 2014).

At the end of the day, Plaintiff's only argument is that she was a pro se litigant, "unfamiliar with the federal court procedures,[1] and felt overwhelmed by the complexities of litigation." ECF No. 75 at 1–2. As established above, none of these are justifications for her "total U-turn after more than 15 months of active litigation." *ADT Sec. Servs. v. Lisle-Woodridge Fire Prot. Dist.*, 844 F. Supp. 2d 937, 938 (N.D. Ill. Feb. 22, 2012). For the forgoing reasons, the Court will deny Plaintiff's motion, ECF No. 75, to withdraw her jury waiver.

Accordingly,

**IT IS ORDERED** that Plaintiff Coey Brown's motion for a protective order, ECF No. 72, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Coey Brown's motion to correct the record and motion for sanctions, ECF No. 72, be and the same are hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Coey Brown's motion to seal, ECF No. 73, be and the same is hereby **GRANTED in part** as stated herein; the Clerk of Court shall restrict the filing at ECF No. 72–1 to case participants only; and

**IT IS FURTHER ORDERED** that Plaintiff Coey Brown's motion to withdraw the jury trial waiver, ECF No. 75, be and the same is hereby **DENIED**.

---

[1]Notably, Plaintiff does not argue she is unfamiliar with the legal system generally. A brief review of her CCAP history belies such a notion. *See, e.g., Coey A. Brown v. Terry Martin*, Case No. 2014CV6342 (Milwaukee Cnty. Cir. Ct. 2014), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CV006342&countyNo=40&index=0&mode=details (last visited Feb. 4, 2026).

Dated at Milwaukee, Wisconsin, this 4th day of February, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge