# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COEY A. BROWN

    Plaintiff,

v.

MEIJER STORES LIMITED PARTNERSHIP,

    Defendant.

Case No. 24-CV-594-JPS

**ORDER**

On February 10, 2026, Plaintiff Coey A. Brown ("Brown") brought a motion for default judgment based on fraud upon the court and spoilation of the evidence, or in the alternative, a motion to strike Defendant Meijer Stores Limited Partnership's ("Meijer") defenses "pursuant to the Court's inherent power to protect the integrity of the judicial process." ECF No. 87 at 1. The Court will deny the motion, ECF No. 87, in its entirety and with prejudice.

This is the second time now that Brown has failed to comply with the Court's Pretrial Order, ECF No. 26, while bringing a motion for sanctions, ECF No. 81, albeit this time under the guise of a motion for default judgment. This is the fifth time that that Brown has failed to meet and confer as required by the Court's Pretrial Order. ECF No. 26. As stated repeatedly throughout the course of this litigation, the Court's Pretrial Order requires that the parties certify that they have met and conferred prior to filing *any* motion. *Id*. at 11 (emphasis added); *see also* ECF No. 34 (denying without prejudice Brown's motion for failing to comply with

Federal Rule of Civil Procedure 11 and the Court's Pretrial Order); ECF No. 42 (denying without prejudice Brown's motion for failing to comply with the Court's Pretrial Order); ECF No. 67 (same); ECF No. 81 (same). And, it is yet one more example of Brown's cavalier treatment of the rules generally. *See, e.g.*, ECF Nos. 33 and 34 (ignoring Federal Rule of Civil Procedure 11(a)).

Another reason that precludes Brown from obtaining the relief she seeks is that Brown has not yet completed the first step in obtaining default judgment, namely obtaining an entry of default from the Clerk of Court. *See* FED. R. CIV. P. 55. But the time to pursue entry of default has passed, as Meijer has filed an answer, ECF No. 13, and otherwise defended this action since its inception in May 2024, rendering default judgment no longer appropriate.

Even when the Court considers the substance of this motion, ECF No. 87, which, as stated above, is more akin to a motion for sanctions, the Court has no basis to grant it. Whether Brown's suggested sanctions take the form of dismissal or striking certain defenses, Brown provides no legal authority in support of her position outside of a cursory citation to a *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). ECF No. 87 at 2. The argument is, therefore, waived. *United States v. Davis*, 29 F.4th 380, 385 n.2 (7th Cir. 2022) (citing *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016)) (noting the "one sentence observation without argument is undeveloped and thus waived").

In any event, the Court would not grant the relief requested. As Judge Pepper indicated under similar circumstances involving a similar motion brought by a pro se party:

> If a court finds that a party has violated the discovery rules, the court may impose sanctions. The variety of available sanctions is wide—anything from a verbal or written reprimand to the offending party to monetary sanctions to barring the party from using evidence at trial. The sanction the plaintiff requests—awarding judgment in his favor—is the most severe sanction, which this court would consider only in the case of flagrant, blatant and repeated violations of the discovery rules.

*Williams v. Ortiz*, 14–cv–792–pp, 2017 WL 3822038, at *5 (E.D. Wis. Aug. 30, 2017). As was true in *Ortiz*, "the [C]ourt sees no such pattern here," and accordingly, will deny Brown's motion. *Id*.

Contrary to Brown's contentions, Brown is the one for whom a pattern is emerging. As detailed above, this will be the fifth time that Brown has disregarded the Court's Pretrial Order, ECF No. 26. Brown is admonished that future violations of the Court's Pretrial Order, the local rules, or the Federal Rules of Civil Procedure may result in sanctions, including dismissal of her case, without further notice. *See Santoyo v. City of Chicago*, 141 F.4th 1328, 1330 (7th Cir. 2025).

Accordingly,

**IT IS ORDERED** that Plaintiff Coey Brown's motion for default judgment, or in the alternative, motion to strike Defendant Meijer Stores Limited Partnership's defenses, ECF No. 87, be and the same is hereby **DENIED with prejudice**.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge