# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COEY A. BROWN,

     Plaintiff,

v.

MEIJER STORES LIMITED
PARTNERSHIP,

     Defendant.

Case No. 24-CV-594-JPS

**ORDER**

## 1. INTRODUCTION

Before the Court are a series of miscellaneous motions. First, Plaintiff Coey A. Brown ("Brown") filed two motions to seal certain documents. ECF Nos. 96 and 99. Brown also filed a motion for an extension of time to file an amended complaint, along with a renewed motion for leave to file an amended complaint. ECF Nos. 110 and 111. More recently, Defendant Meijer Stores Limited Partnership ("Meijer") filed an unopposed expedited motion for relief under Civil Local Rule 7(h) to permit the parties to meet remotely to prepare pretrial filings. ECF No. 119. The Court will address these motions in turn.

## 2. MOTIONS TO SEAL

The Court will start with Brown's motions to seal. ECF No. 96 and 99. Brown's first motion to seal asks the Court to seal Exhibits 14, 15, and 22. Brown's second motion to seal, ECF No. 99, asks the Court to seal the Exhibits 14, 15, and 22, as well as Exhibits 11, 13, 16, 17, and 18. The Court will present just one analysis based on Brown's second motion to seal.

"Courts must take care when determining whether to seal documents and thus shield them from the public. This is because '[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality.'" *Benson v. City of Indianapolis*, No. 1:24-cv-00839-JPH-MJD, 2025 WL 3637013, at *1 (S.D. Ind. Dec. 15, 2025) (quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) and citing *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009)). "This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to 'conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym.'" *Id*. (quoting *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013)). "Still, 'very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed.'" *Id*. (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*., 297 F.3d 544, 547 (7th Cir. 2002)).

Brown identifies two categories of exhibits for sealing: 1) medical records and 2) business records. ECF No. 99 (referencing ECF No. 97-1). As to each category, there is information that warrants protection and information that does not.

The Court starts by analyzing the first category. To the extent Brown "wishes to shield h[er] medical information from public disclosure due to embarrassment or general privacy concerns, this is not good cause to deprive the public of its right to access court filings." *Benson*, 2025 WL 3637013, at *2 (citing *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 492 (7th Cir. 2024)); ECF No. 96-1 (suggesting that "p]ublic disclosure of these records could result in personal embarrassment and potential prejudice in future

employment endeavors"). And, contrary to Brown's assertion that these medical materials are protected under the Health Insurance Portability and Accountability Act ("HIPPA"), ECF No. 99 at 1, it is "well-established" that such protections do not carry over to the courtroom. *Benson*, 2025 WL 3637013, at *2 (quoting *Mitze v. Saul*, 968 F.3d 689, 693 (7th Cir. 2020)). At the same time, Brown identifies medical information in these exhibits that has no apparent connection to this case, such as her risk for cancer, ECF No. 97-1 at 36–37, information for which the presumption that court documents remain public does not apply; and because they relate to sensitive medical files, such documents do warrant protection. *Benson*, 2025 WL 367013, at *2. As such, some of the medical files warrant protection; others do not.

The business records also present a mix of information that can and cannot be sealed. On the one hand, some of them refer to the disciplinary record of a non-party employee, such as Exhibits 11 and 22, ECF No. 97-1 at 27–29 and 57–58, which are materials that likely warrant sealing. *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). On the other hand, some of these materials, such as Meijer's investigation report, ECF No. 97-1 at 46–47, do not present an obvious answer. *See Howard v. Baumann*, No. 21-cv-273-pp, 2024 WL 3508449, at *2 (E.D. Wis. July 23, 2024) (calling into question whether an investigative report into a prison riot presents a security threat that warrants sealing, and setting a supplemental briefing deadline, which if ignored, would result in the unsealing of the report). The problem here is compounded by the fact that Meijer has, to date, not given the Court its input into these matters, even though the business-related exhibits Brown submitted largely concern Meijer's own records. Until Meijer does so, the

Court is not inclined to prematurely unseal confidential information. As such, until that time, these materials must be maintained under seal as well.

The Court will provisionally grant both motions to seal in their entirety. Brown filed a single document, ECF No. 97-1, containing all her exhibits that she seeks to seal; however, as explained above, only certain exhibits warrant sealing. But because the Clerk of Court cannot partially seal individual portions, the entire document must be sealed. Therefore, to remedy this problem, the Court will *eventually* order Brown to file redacted versions that "remove immaterial medical information only." *Id*. The Court will wait until after the bench trial has concluded to do so. *See Williams v. Billington*, 2024 WL 492110, at *3 (S.D. Ill. Feb. 8, 2024) (granting the "motion to seal the records at this time" but noting that it "fully expects to revisit this issue at the damages hearing to ensure that documents affecting the ultimate disposition of this case are on the public docket"). The Court will also, at that time, order supplemental briefing to determine which business materials warrant protection, as the court did in *Howard*. 2024 WL 3508449, at *2.[1] Until then, the document at ECF No. 97-1 shall remain under seal.

### 3.     MOTIONS RELATED TO AMENDED COMPLAINT

The Court now turns to Brown's renewed motion for leave to file an amended complaint and her motion for an extension of time to do so.  ECF Nos. 110 and 111. The Court is to grant leave to amend whenever justice so requires. FED. R. CIV. PRO. 15(a)(2). Meijer presents a litany of reasons to not

---

[1]At that time, the Court will also address the materials tangled up in Brown's motions to seal for which she never sought protection in the first instance. These materials include Exhibits 1–5 (currently, ECF No. 97-1 at 1–12), 7 (currently, ECF No. 97-1 at 13–22), 8 (currently, ECF No. 97-1 at 23–24), 19 (currently, ECF No. 97-1 at 25–26), 20 (currently, ECF No. 97-1 at 51–53) and 21 (currently, ECF No. 97-1 at 54–56).

allow Brown to amend her complaint. *See generally* ECF No. 118. The Court agrees with Meijer in all respects. Fundamentally, the Court agrees that there is no reason that Brown should be allowed to amend at all, let alone add claims, at this late stage since amendment would require an answer and possibly raise concerns as to whether her proposed amended complaint, ECF No. 110-2, states a claim. There is simply not enough time left before trial to proceed in this manner.

The Court further agrees with Meijer that Brown's justification—namely, "to clarify the specific federal statutory grounds" for her claims—fails to adequately explain why she sought this relief at the "eleventh hour," i.e., nearly "two years after filing her original complaint, over 4 months after requesting that the Court issue a trial [scheduling] order, and nearly 4 months after [that order] was issued." ECF No. 118 at 4–5. In other words, as Meijer suggests, Brown's recent mail mix-up, assuming it is true, does little to explain her delay considering the bigger picture. *See id*. Brown's reply brief spills much ink discussing the recent delay she has experienced in coordinating with Meijer as they have transitioned to new counsel, but again, Brown does not answer why she waited, in the larger picture of things, this long. ECF No. 124 at 2. The Court further agrees with Meijer that "[a]llowing her leave to amend nearly six months after she was deposed and just shortly before the Final Pretrial Report" would work an undue prejudice on Meijer. *Id*. at 5. Brown's conclusory allegation otherwise is not persuasive. ECF No. 124 at 3 (suggesting amendment will have "zero impact"). Accordingly, the Court will deny her motion for leave to file an amended complaint, and her motion for an extension of time to do so.

**4.      MEIJER'S EXPEDITED MOTION**

Finally, the Court turns to Meijer's expedited motion for the parties to meet remotely to prepare pretrial filings. ECF No 119. Because it is unopposed, the Court will grant the motion. The parties may meet remotely while preparing their pretrial filings.

**5.      CONCLUSION**

The Court will grant Brown's motions to seal. ECF Nos. 96 and 99. The Court will deny with prejudice Brown's motion to file an amended complaint and her motion for an extension of time to do so. ECF Nos. 110 and 111. The Court will grant Meijer's unopposed expedited motion to permit the parties to meet and confer remotely to prepare pretrial filings. ECF No. 119.

Accordingly,

**IT IS ORDERED** that Plaintiff Coey A. Brown's motions to seal, ECF Nos. 96 and 99, be and the same are hereby **GRANTED**; the Clerk of Court shall maintain under seal the document at ECF No. 97-1 until further order of the Court;

**IT IS FURTHER ORDERED** that Plaintiff Coey A. Brown's renewed motion for leave to amend her complaint, ECF No. 111, and her motion for an extension of time to do so, ECF No. 110, be and the same are hereby **DENIED** and no further amendments will be permitted; and

**IT IS FURTHER ORDERED** that Defendant Meijer Stores Limited Partnership's unopposed expedited motion to permit the parties to meet and confer remotely to prepare pretrial filings, ECF No. 119, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge